Counties: Planning and Zoning: Subdivision Regulations: Fees: County may not prevent recording of all land conveyance documents that do not comply with county land use controls and fee requirements. Minn. Stat. §§ 272.12, 272.121, 394.37.

125a-66

August 12, 2003

Christopher J. Strandlie
Assistant County Attorney
Cass County Attorney's Office
PO Box 3000
303 Minnesota Avenue
Walker, MN  56484-3000

Dear Mr. Strandlie:

Thank you for your correspondence of May 29, 2003.

## BACKGROUND

You state that the present practice in Cass County is for a land title document to be submitted for recording to the county auditor/treasurer. The auditor/treasurer determines whether there are delinquent taxes owing and whether the document creates a "split" of an existing parcel. If a parcel split is involved, a "split fee" must also be paid. When current taxes and applicable fees are all paid, the document is referred to the county Environmental Services Department which determines whether the transaction is consistent with Cass County zoning regulations and with state requirements pertaining to sewage treatment systems. If all the foregoing requirements are satisfied, the document is submitted to the county recorder. If the foregoing regulations are not satisfied the document is "rejected" and not recorded. The county board is considering enacting an ordinance that would memorialize the current practice.[1] Members of the local bar have expressed the view that the county has no authority to prevent the recording of a document that is in proper form if taxes have been paid in full. You ask whether the county has authority to prohibit the filing of land title documents in circumstances where county-imposed fees have not been paid or where the transaction represented by the documents is not in compliance with authorized county regulations.

---

[1] The ordinance would read:

> In addition to the provisions of Minnesota Statutes regulating the subdivision of land and the recording of such subdivision, no subdivision of land within the unincorporated areas of Cass County shall be recorded without compliance with all Cass County ordinances, Board approved procedures, and payment of all Board required fees.

We answer your question in the negative.

## LAW AND ANALYSIS

**1.**   **HISTORY AND DISCUSSION OF RELEVANT LAWS.**

First, it is axiomatic that local units of government, including counties and their officers, have only those powers that are granted by the legislature either expressly or by reasonable implication. *See, e.g., Cleveland v. Rice Co.*, 238 Minn. 180, 56 N.W.2d, 641 (1952).

Second, counties have been delegated substantial authority to impose official controls upon the use and subdivision of land within the county. *See, e.g.,* Minn. Stat. § 394.25 (2002). In addition, state law requires county adoption and enforcement of particular regulations affecting use and subdivisions of property. *See, e.g.*, Minn. Stat. §§ 103F.211-103F.215 (Shore land Development); 115.55 (2002), and Minn. Rules 7080.0305 (regulation of individual sewage treatment systems)."

Counties have also been authorized to employ various mechanisms to enforce compliance with those regulations. *See* Minn. Stat. § 394.37 (2002). Between 1971 and 1974, Minn. Stat. § 394.37, subd. 1 specifically provided that, with certain exceptions, conveyances of property subject to county subdivision regulations could not be filed or recorded absent county approval of any parcel splits that were thereby created. That language stated:

> In a county in which subdivision regulations or controls are in force and have been filed or recorded as provided in section 394.35, no conveyance of land to which the regulations are applicable shall be filed or recorded if the land is described in the conveyance by metes and bounds or by reference to an unapproved registered land survey made after June 4, 1971, or to an unapproved plat made after such regulations have become effective. The foregoing provision does not apply to a conveyance if the land described:
>
> (1) was a separate parcel of record on the date of adoption of subdivision regulations under sections 394.12 to 394-37, or
>
> (2) was the subject of a written agreement to convey entered into prior to such time, or
>
> (3) was a separate parcel of not less than two and one half acres in area and 150 feet in width on June 4, 1971 or is a single parcel of land of not less than five acres and having a width of not less than 300 feet.
>
> In any case in which compliance with the foregoing restrictions will create an unnecessary hardship and failure to comply does not interfere with the purpose of the subdivision regulations, the board may waive such compliance by adoption of

a resolution to that effect and the conveyance may then be filed or recorded. Any owner or agent of the owner of land who conveys a lot or parcel in violation of the provisions of this subdivision shall forfeit and pay to the county a penalty of not less than $100 for each lot or parcel so conveyed. A county may enjoin such conveyance or may recover such penalty by a civil action in any court of competent jurisdiction.

Minn. Stat. § 394.37, subd. 1 (1971).

That language was, however, deleted in 1974.[2] *See* Act of April 11, 1974, Ch. 571, § 46, 1974 Minn. Laws 1401, 1416.

Following the 1974 amendment, this Office rendered an opinion that, absent the deleted language, counties lacked authority to prevent the filing or recording of land conveyance documents on the basis of non-compliance with county subdivision regulations. *See* Op. Atty. Gen. 125-A-66, December 18, 1974.

In 1977, the legislature added specific language, which is still in place, authorizing counties to require review of conveyance instruments after recording, to determine compliance with county platting and subdivision regulations. That language provides:

In a county in which subdivision regulations or controls are in force and have been filed or recorded as provided in section 394.35, the board may by ordinance require that a copy of some or all instruments which convey real estate be submitted by the county recorder to the administrative officer as provided in section 394.29, *for review after recording*. The officer shall examine each such instrument to determine whether the proposed conveyance complies with the subdivision and platting regulations of the county. If the conveyance does not comply with regulations, the administrative officer shall give notice by mail of the potential violation to the parties to the conveyance.

Act of May 20, 1977, Ch. 189, , § 1, 1977 Minn. Laws 311. (Emphasis added)

Third, Minnesota law requires certain actions by the county auditor in connection with land title transfers. For example, Minn. Stat. § 272.12 (2002) provides in part:

When:

(a) a deed or other instrument conveying land,

. . .

---

[2] A similar provision continues to apply, however, in connection with enforcement of city and town subdivision regulations. *See* Minn. Stat. §§ 462.358, subd. 4b, 272.162 (2002).

is presented to the county auditor for transfer, the auditor shall ascertain from the records if there be taxes delinquent upon the land described therein, or if it has been sold for taxes.

. . .

If there are taxes delinquent, the auditor shall certify to the same; and *upon payment of such taxes, or in case no taxes are delinquent, shall transfer the land upon the books of the auditor's office, and note upon the instrument, over official signature, the words, "no delinquent taxes and transfer entered,"* or, if the land described has been sold or assigned to an actual purchaser for taxes, the words, "paid by sale of land described within;" and, *unless such statement is made upon such instrument, the county recorder or the registrar of titles shall refuse to receive or record the same*.

(Emphasis added).  Minn. Stat. § 272, 121, subd. 1 (2002) provides:

Except as provided in subdivision 2, if a deed or other instrument conveys a parcel of land that is less than a whole parcel of land as described in the current tax list, the county auditor shall not transfer or divide the land in the auditor's official records, *and the county recorder shall not file and record the instrument, unless the instrument of conveyance contains a certification by the county treasurer that the taxes due in the current tax year for the whole parcel have been paid.*  This certification is in addition to the certification for delinquent tax required by section 272.12.

(Emphasis added).  Furthermore, Minn. Stat. § 272.16 (2002) provides in part:

Subdivision 1.  **Transfer of specific part**.  When any part less than the whole of any parcel of land, as charged in the tax lists, is conveyed, the county auditor shall transfer the same whenever the seller and purchaser agree, in a writing signed by them, or personally appear before the county auditor and agree, upon the amount of the net tax capacity to be transferred therewith.  If the seller and purchaser do not so agree, the county auditor shall make a division of the net tax capacity that appears just to the auditor.

Finally, Minn. Stat. § 373.41 (2002) authorizes the county to fix and charge fees not otherwise fixed by law for recording, filing or certification of any document by a county official.  As a general matter, government agencies clearly may require the payment of lawful fees prior to or contemporaneously with, the providing of the relevant service.  *Cf.* Op. Atty. Gen. 218-R, September 26, 1978 (city determination to allow credit sales at municipal liquor store must be supported by public purposes).

**2.   ANALYSIS.**

As noted above, while counties have substantial authority to impose official controls on land use and subdivision, they do not have unfettered authority in choosing the means of enforcing those regulations. Rather, the several means of enforcement for those controls are expressly set forth in Minn. Stat. § 394.37. Those do not include preventing the recording of documents. To the contrary, the authority to do so was specifically deleted from section 394.37 and replaced with a procedure whereby documents may be examined *after* recording to determine compliance with county land use controls. Where a statute expressly identifies specific objects or circumstances to which it pertains, others are implicitly excluded. *See, e.g., Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 17 N.W.2d 37 (1941). Nor do we find any authority in section 272.12 for the county auditor to interfere with filing or recording of documents on the grounds that they do not conform to county land use controls. Section 272.12 states that if the taxes are paid or none are due the auditor "shall transfer the land" on the auditor's books and certify to that fact on the document. Section 272.121 also requires a tax certification regarding any larger parcel from which the new one was separated. Those sections however, contain no authority to withhold the required certifications for reasons unrelated to tax payments. Therefore, in our opinion, the county lacks authority to prevent recording of all land title documents that do not conform to county zoning or subdivision ordinances.

With respect to fees, it is our view that the county may require the payment of permitted fees as a pre-condition of performing services. Where those services are, by statute, required for recording such as the certification of no delinquent taxes on the parcel transferred (Minn. Stat. § 272.12) and on the entire large parcel in the case of transfer of a portion of an existing parcel (Minn. Stat. § 272.121) the county may, in effect preclude filing of documents until such fees have been paid.

We find no authority, however, for preventing the filing and recording of documents for failure to pay for county services that are not statutorily required as a condition of recording. For example, Minn. Stat. § 272.16 requires a division of net tax capacity among parts of a subdivided parcel, either pursuant to agreement between seller and purchase, or by the county auditor. There appears no statutory requirement that certification of that division be made as a pre-condition for recording. Therefore, while a fee might be imposed for the auditor's services in connection with such apportionment, we do not believe that payment of such a fee may be made a condition of recording.

**OPINION**

In light of the foregoing, it is our opinion that the proposed ordinance exceeds the authority of the county to prevent recording of land title documents.

Very truly yours,

MIKE HATCH
Attorney General
State of Minnesota

_____
KENNETH E. RASCHKE, JR.
Assistant Attorney General

(651) 297-1141

AG: #882574-v1

Counties:  Planning and Zoning:  Subdivision Regulations: Fees: County may not prevent recording of all land conveyance documents that do not comply with county land use controls and fee requirements.  Minn. Stat. §§ 272.12, 272.121, 394.37.